IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEMISPHERX BIOPHARMA, INC., | : | CIVIL ACTION NO. |
| | : | 02-CV-4727 |
| Plaintiff, | : | |
| | : | |
| v. | : | DEMAND FOR JURY TRIAL |
| | : | |
| FEDERAL INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

## O R D E R

In consideration of the motion to compel discovery from defendant Federal Insurance

Company ("Federal"), filed by plaintiff Hemispherx Biopharma, Inc. ("Hemispherx"), and the

opposition thereto by Federal, **IT IS HEREBY ORDERED THAT:**

(1)     Hemispherx's motion to compel is **GRANTED**; and

(2)     Federal shall produce all documents responsive to Federal's Document Requests

1, 2, 4  through 7, 9, 13, 15 through 23, 26 through 30 and 33, within ten (10) days of the date of

this Order.

BY THE COURT:

Dated: _____, 2003        _____

Buckwalter, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEMISPHERX BIOPHARMA, INC., | : | CIVIL ACTION NO. |
| | : | 02-CV-4727 |
| Plaintiff, | : | |
| | : | |
| v. | : | DEMAND FOR JURY TRIAL |
| | : | |
| FEDERAL INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

**MOTION OF PLAINTIFF HEMISPHERX BIOPHARMA, INC.
TO COMPEL DISCOVERY FROM DEFENDANT FEDERAL
INSURANCE COMPANY, PURSUANT TO RULE 34(a)(2)(B)**

Plaintiff, Hemispherx Biopharma, Inc. ("Hemispherx"), by its undersigned attorneys, hereby moves the Court, pursuant to Federal Rule of Civil Procedure 37(a)(2)(B), for an order compelling discovery from defendant Federal Insurance Company ("Federal"). By this motion, Federal seeks production of all documents responsive to certain discovery requests (Requests for Production 1, 2, 4 through 7, 9, 13, 15 through 23, 26 through 30 and 33) served on Federal by Hemispherx on December 6, 2002.

The reasons for, and legal authority supporting, Hemispherx's motion are set forth at length in the accompanying memorandum of law.

WHEREFORE, Hemispherx respectfully requests that the Court grant its motion to compel discovery and order that Federal produce responsive documents within ten (10) days of the date of its Order.

Respectfully submitted,

Dated: February // 2003

Lee M. Epstein (I.D. No. 61762)
Linda J. Karpel (I.D. No. 62009)
Fried & Epstein, LLP
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
(215) 625-0123

Attorneys for Plaintiff, Hemispherx
Biopharma, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HEMISPHERX BIOPHARMA, INC.,           :      CIVIL ACTION NO.
                                      :      02-CV-4727
            Plaintiff,                :
                                      :
      v.                              :      DEMAND FOR JURY TRIAL
                                      :
FEDERAL INSURANCE COMPANY,            :
                                      :
            Defendant.                :

## CERTIFICATION OF COUNSEL PURSUANT TO
## FEDERAL RULE 37(a)(2)(A) AND LOCAL RULE 26.1(f)

I, Lee M. Epstein, hereby certify that:

1.      I am counsel for plaintiff Hemispherx Biopharma, Inc. ("Hemispherx") in the above-captioned action.

2.      Prior to filing the foregoing Motion to Compel Discovery from Defendant Federal Insurance Company, Pursuant to Rule 34(a)(2)(B) on behalf of Hemispherx, I unsuccessfully attempted to resolve the underlying discovery dispute with counsel for Federal Insurance Company ("Federal"), without the involvement of this Court.

3.      I corresponded with Federal's counsel by letter of February 5, 2003, which letter is attached as an exhibit to Hemispherx's supporting memorandum of law.

4.      I never received a response from Federal's counsel.

Dated: February 14, 2003                    _____
                                            Lee M. Epstein

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEMISPHERX BIOPHARMA, INC., | : | CIVIL ACTION NO. |
| | : | 02-CV-4727 |
| Plaintiff, | : | |
| | : | |
| v. | : | DEMAND FOR JURY TRIAL |
| | : | |
| FEDERAL INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that, at my direction, true and correct copies of the foregoing Motion to Compel Discovery From Defendant Federal Insurance Company, Pursuant To Rule 34(a)(2)(B), supporting memorandum of law, and proposed Order were served this date on counsel for Defendant, by facsimile and first-class mail, postage pre-paid, at the following address:

Thomas F. Gallagher, Esq.
Cozen O'Connor
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
(856) 910-5075 - facsimile

Dated:  February 14, 2003

Linda J. Karpel (I.D. No. 62009)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HEMISPHERX BIOPHARMA, INC., : CIVIL ACTION NO.
: 02-CV-4727
      Plaintiff, :
:
    v. : DEMAND FOR JURY TRIAL
:
FEDERAL INSURANCE COMPANY, :
:
      Defendant. :

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT FEDERAL INSURANCE COMPANY, PURSUANT TO RULE 37(a)(2)(B)

Plaintiff, Hemispherx Biopharma, Inc. ("Hemispherx"), by its undersigned attorneys, hereby submits this memorandum of law in support of its motion to compel discovery from defendant Federal Insurance Company ("Federal"), pursuant to Federal Rule of Civil Procedure 37(a)(2)(B).

## I.    BACKGROUND

Hemispherx commenced this action after Federal breached its obligations under a general liability insurance policy (the "Federal Customarq Quality Policy"), violated its duty of good faith and fair dealing and acted in bad faith by failing to reimburse certain of the defense costs and expenses Hemispherx incurred in connection with three interrelated "Underlying Lawsuits." The "Underlying Lawsuits" consist of (1) Hemispherx Biopharma, Inc. v. Manuel P. Asensio, et al., No. 98-CV-5204 (E.D. Pa.) and Hemispherx Biopharma, Inc. v. Manuel P. Asensio, et al., No. 3970 (Pa. Ct. Common Pleas, Philadelphia) (collectively, the "Pennsylvania Action") and the counterclaims therein; (2) Asensio and Asensio & Company, Inc. v. Hemispherx Biopharma, Inc., et al., No. 112001/00 (N.Y. Supreme Ct., N.Y. County) (the "First New York Action"); and

(3) <u>Asensio, et al. v. Hemispherx Biopharma, Inc.</u>, No. 114050/00 (N.Y. Supreme Ct., N.Y. County) (the "Second New York Action").

The parties dispute, among other things, whether Federal was obliged to cover the legal costs and expenses Hemispherx incurred in connection with its affirmative claims in the Pennsylvania Action; whether Federal was obliged to cover the defense costs and expenses Hemispherx incurred in the Pennsylvania Action prior to the date Hemispherx provided notice; and whether Hemispherx was entitled to independent counsel, paid for by Federal, in the First and Second New York Actions.

On December 6, 2002, Hemispherx served on Federal a set of requests for production of documents (Hemispherx's "Document Requests"). A true copy of Hemispherx's Document Requests is attached hereto as Exhibit "A." Federal served no objections or written responses to those Requests.

On January 3, 2003, Hemispherx produced the computer workstation notes maintained by Thomas Brumbaugh, one of its claim handlers. On January 6, 2003, Federal also made available the official claim files for the various Underlying Lawsuits. Federal did not, however, search the files of its other officers, supervisors, employees or agents for claim-related documents, and it failed to produce, at all, documents responsive to various Hemispherx Document Requests, discussed in more detail later in this memorandum.

By letter of February 5, 2003, counsel for Hemispherx communicated with Federal's counsel, hoping to obtain the documents responsive to Hemispherx's document requests without court intervention. (Letter of February 5, 2003, attached hereto as Exhibit "B"). No response to Hemispherx's February 5 letter was received. With the March 17, 2003 discovery deadline in

this matter approaching, Hemispherx files this motion to compel, pursuant to Federal Rule 37(a)(2)(B).

## II.   **LEGAL ARGUMENT**

### A.   **Federal Failed To Object To Hemispherx's Document Requests, And, Therefore, It Has Waived Any Objections To Those Requests**

Under Federal Rule of Civil Procedure 34, within 30 days after service of a request for production, "the party upon whom the request is served shall serve a written response." Fed. R. Civ. P. 34(b). The response must state that production will occur, "unless the request is objected to, in which event the reasons for the objection will be stated." Id. In this instance, as set forth above, Federal served no such written response and made no objections to the Discovery Requests served by Hemispherx.

Pursuant to the law in this district and elsewhere, "failure to object to a discovery request in a timely fashion constitutes a waiver of the objection." Antico v. Honda of Camden, 85 F.R.D. 34, 35 (E.D. Pa. 1979) (citation omitted); see also Coregis Ins. Co. v. Baratta & Fenerty, Ltd., 187 F.R.D. 528, 529 (E.D. Pa. 1999); Caruso v. Coleman Co., No. 93-CV-6733, 1995 WL 262521 at *2 (E.D. Pa. Apr. 28, 1995); Usery v. Chef Italia, 540 F. Supp. 587, 592 n.13 (E.D. Pa. 1982). Accordingly, by failing to object to Hemispherx's Document Requests, Federal waived any objections to those Requests and should be ordered to produce all responsive documents forthwith.

### B.   **Hemispherx's Document Requests Are Proper**

Even if Federal had timely objected to Hemispherx's discovery, which it did not, the information sought by Hemispherx constitutes relevant and proper discovery under Federal Rule

of Civil Procedure 26. Rule 26 sets forth a broad scope of discovery, defining "relevance" much more loosely than it is defined for purposes of trial. According to Rule 26(b)(1),

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Here, the Document Requests at issue (Requests 1, 2, 4 through 7, 9, 13, 15 through 23, 26 through 30 and 33) clearly seek relevant information, as defined in Rule 26.

### 1.    Hemispherx's Requests For Claim-Handling Information Seek Relevant Information.

In Document Requests 4, 7, 9, 13, 15 through 23 and 33, Hemispherx seeks the discovery of certain claim-handling information, including, among other things, documents relating to the Federal Customarq Quality Policy, the Underlying Lawsuits or Hemispherx's requests for coverage that were generated internally at Federal, or sent by Federal to, or received by Federal from, other insurance-related entities, like reinsurers, insurers, brokers, agents, investigators or adjustors. Hemispherx also seeks (a) all documents relating to Federal's consideration, assessment or evaluation of Hemispherx's insurance claims made in connection with each of the Underlying Lawsuits, as well as (b) all documents Federal examined, used, or generated in reviewing and evaluating Hemispherx's claims for coverage, and (c) all documents relating to, supporting, or generated by Federal in connection with (i) each of Federal's coverage decisions made in connection with the Underlying Lawsuits, (ii) Federal's decision to condition its defense of the Second New York Action, (iii) Federal's decision not to pay for the independent counsel Hemispherx retained to work with defense counsel in the First New York Action, (iv) Federal's decision not to pay pre-tender fees and costs, fees and costs of moving for reconsideration, and

fees and costs of appeal in the Pennsylvania Action, and (v) Federal's decision to require prior approval for "extraordinary" defense expenditures.

As set forth earlier in this memorandum, Federal has produced the computer notes maintained by Thomas Brumbaugh and the official claim files. At Mr. Brumbaugh's deposition, however, it became clear that other individuals at Federal's various offices were involved in the handling of Hemispherx's insurance claims connected with the Underlying Lawsuits. Federal should be required to search the files of such individuals, as well as its other officers, supervisors or employees, and produce all claim-related documents responsive to Hemispherx's Document Requests.

The claim-handling information that Hemispherx seeks by the above-listed Document Requests will enable it to ascertain the facts of the case now before the Court. Discovery of the facts of the case is always proper and relevant. Hemispherx must ascertain this information so that it may effectively prosecute its case and counter any defenses by Federal.

Furthermore, claim-handling information is also essential in proving the statutory bad faith claim asserted by Hemispherx. In order to prove bad faith, Hemispherx must show that Federal had no reasonable basis to deny benefits under the Federal Customarq Quality Policy and that it knew of or recklessly disregarded that fact. See Bonenberger v. Nationwide Mut. Ins. Co., 791 A.2d 378, 380 (Pa. Super. 2002); Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997). Hemispherx may be unable to fully ascertain the bases for Federal's coverage decisions, or determine what Federal knew when it made them, without discovery of all claim-handling materials.

For all of these reasons, courts have not hesitated to permit policyholders to obtain discovery of insurance company claim-handling documents. See, e.g., Jones v. Nationwide Ins.

Co., No. 3:98-CV-2108, 2000 WL 1231402 at *1, 3-4 (M.D. Pa. July 20, 2000) (most of insurer's claims file and activity log discoverable in bad faith case); Solomon v. UNUM Life Ins. Co. of Am., No. Civ. A. 98-1800, 1998 WL 964225 at * 1 (E.D. Pa. Oct. 14, 1998) (without referring to any bad faith claim by plaintiff, court holds that "plaintiff is clearly entitled to see documents relating to the handling of plaintiff's own claim").

Indeed, this Court expressly ordered the production of claim-handling documents in Bostik, Inc. v. National Union Fire Insurance Co. of Pittsburgh, Pa., Civ. Action No. 99-CV-4949 (E.D. Pa.) (Buckwalter, J.). True copies of this Court's Order of August 6, 2001 in the Bostik action, ordering production of claim-handling documents (see Bostik Document Requests 3, 8, 9, 28 (a) & (e)), along with a copy of the pertinent Document Requests, are attached hereto as Exhibit "C." This Court should do the same here and order that Federal produce all documents responsive to Document Requests 4, 7, 9, 13, 15 through 23 and 33.

## 2. Hemispherx's Request For Claim Manuals And Related Documents Seeks Relevant Information.

Hemispherx's Document Request 28 seeks "[a]ll claims manuals, handbooks, guidelines, instructions, or policies currently maintained for use by you." No such information was produced by Federal. As set forth below, the information sought by Document Request 28 (collectively, "claims manuals and related documents") is clearly relevant to Hemispherx's claims for relief, for several reasons.

First, Federal's claims manuals and related documents may well set forth interpretations of the form language used in the Federal Customarq Quality Policy or the manner in which it should be applied. If so, those interpretations could evidence the trade usage accorded that language by Federal, as well as Federal's course of dealing. To the extent such interpretations are consistent with those of Hemispherx in this action, it suggests that the parties' intent as to the

6

meaning of the policy language was other than as currently argued by Federal, or, at least, suggests that such language may be ambiguous.

In interpreting the Federal Customarq Quality Policy and determining the intent of the parties, the Court is bound to consider evidence submitted by the parties as to their contractual intent, industry or trade usage of policy terms, course of dealing, different constructions of the policy language at issue, and/or the presence of latent ambiguity. See, e.g., Compass Tech., Inc. v. Tseng Labs., Inc., 71 F.3d 1125, 1131-32 (3d Cir. 1995) (where party argues policy language unclear, court should hear the parties' evidence and "decide whether 'there is objective indicia that, from the linguistic reference point of the parties, the terms of the contract are susceptible of different meanings.'") (quotation omitted); Mellon Bank, N.A. v. Aetna Business Credit, Inc., 619 F.2d 1001, 1010, 1011 n.12 (3d Cir. 1980) ("External indicia of the parties' intent other than written words are useful, and probably indispensable, in interpreting contract terms."); Forum Ins. Co. v. Allied Security, Inc., No. 87-1186, 1987 WL 26508 at *1 (E.D. Pa. Dec. 3, 1987) (even if insurance policy clear on its face, court must examine extrinsic evidence in order to determine if latent ambiguity exists); Sunbeam Corp. v. Liberty Mut. Ins. Co., 781 A.2d 1189, 1193 (Pa. 2001) (authorizing consideration of trade usage to interpret insurance policy, even absent facial ambiguity); Restatement of the Law of Contracts § 230, comment d (even if contract terms facially unambiguous, court may consider situation of the parties and circumstances at time contract executed); 3 Corbin on Contracts § 542, 1997 Supp. at 94, 95-96, 104 (West 1997) (extrinsic evidence may be used to establish meaning of contract before applying the parole evidence rule). Since the Court may properly consider extrinsic evidence such as the claims manuals and related documents requested by Hemispherx, such information is relevant and properly discoverable.

Second, Federal's claims manuals and related documents may also contain admissions by Federal concerning whether insurance claims like those of Hemispherx are covered.  For both of these reasons, courts have not hesitated to require insurance companies to produce such information.  See, e.g., Bostik, Civ. Action No. 99-CV-4949 (E.D. Pa. Order of Aug. 6, 2001 [Bostik Document Request 23]) (Buckwalter, J.), Ex. C; Solomon, 1998 WL 964225 at *1 (claims manuals or guidelines discoverable in coverage case); Glenfed Dev. Corp. v. Superior Court, 62 Cal. Rptr.2d 195, 197-98 (Cal. Ct. App. 1997) (claims manual discoverable in coverage case); Hoechst Celanese Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pa., 623 A.2d 1099, 1107 (Del. Super. Ct. 1991) (claims and training manuals, insurer company policies and guidelines discoverable in coverage case); Federal Sav. and Loan Ins. Corp. v. Commonwealth Land Title Ins. Co., 130 F.R.D. 507, 509 (D.D.C. 1990) (policy manuals and internal policies discoverable in coverage action).

Third, as the Pennsylvania Superior Court recently confirmed, claims manuals and related documents may constitute relevant evidence in support of a bad faith claim like the one asserted by Hemispherx.  See Bonenberger, 791 A.2d at 381.  Again, in order to prove statutory bad faith, Hemispherx must show that Federal had no reasonable basis to deny benefits under the Federal Customarq Quality Policy and that it either knew or recklessly disregarded that fact.  See id. at 380.  To the extent that Federal's claims manuals and related documents express an approach to claim handling that is contrary to, and inconsistent with any reasonable approach by an insurer to the handling of its policyholders' claims, they may evidence bad faith. To the extent Federal failed to comply with its claims manuals and related documents in addressing Hemispherx's insurance claims, Federal's lack of reasonableness would be demonstrated.

Accordingly, courts in bad faith actions routinely order insurers to produce their claims manuals and related documents. See Bostik, Civ. Action No. 99-CV-4949 (E.D. Pa. Order of Aug. 6, 2001 [Bostik Document Request 23]) (Buckwalter, J.) (the referenced Order and corresponding Document Requests are attached hereto at Ex. C); see also, e.g., Bonenberger, 791 A.2d at 381-82 (claims manual setting forth insurer's philosophy of aggressive use of various tactics to reduce the size of the average claim was relevant evidence of bad faith, demonstrating that insurer did not encourage reasonable, case-by-case evaluation of claims); Parker v. Nationwide Ins. Co., No. 01-404, 2001 WL 1175143 at *1 (E.D. Pa. July 30, 2001) (policyholder with bad faith claim entitled to discovery of insurer claims manual); Jones, 2000 WL 1231402 at *4 (by alleging that it had a reasonable basis for handling and investigating claim, insurer made claims manuals "highly relevant"); Robertson v. Allstate Ins. Co., No. 98-4909, 1999 WL 179754 at *6 (E.D. Pa. March 10, 1999) (claims manuals discoverable; fact that insurer departed from established standards in handling policyholder's claim was "probative evidence" in demonstrating bad faith). This Court should do likewise and order Federal to produce all information responsive to Document Request 28.[1]

### 3. Hemispherx's Requests For Underwriting Materials Seek Relevant Information.

In its Document Requests 1, 2, 5, 6, and 29, Hemispherx seeks the following underwriting materials that likewise constitute relevant and proper discovery:

    \*      a complete copy of the Federal Customarq Quality Policy, with all endorsements, exclusions, riders and/or binders (Document Request 1);

    \*      a complete copy of each underwriting file maintained with respect to the Federal Customarq Quality Policy, or Hemispherx (Document Request 2);

---

[1]      Early on in this action, Hemispherx apprised Federal of its desire to execute a stipulation of confidentiality. Accordingly, the parties entered into a Stipulation and Order of Confidentiality, which this Court entered on February 6, 2003. Thus, even if Federal had timely objected on grounds of confidentiality, that objection would have been baseless.

\*      all documents related to the underwriting, drafting, negotiation, approval or sale of the Federal Customarq Quality Policy (Document Request 5);

\*      all insurance applications or information requested directly or indirectly (through agent, broker, etc.) from Hemispherx in order for Federal to assess the risk and sell insurance to Hemispherx (Document Request 6); and

\*      all underwriting manuals, handbooks, guidelines, policies or instructions currently maintained for use by Federal (Document Request 29).

Federal produced no underwriting materials to Hemispherx.    Such underwriting information may demonstrate the intent of Federal's underwriters as to the claims they expected the standard-form language in the Federal Customarq Quality Policy to cover and their understanding of the operative policy language at the time the Policy was executed.

This underwriting information may also contain interpretations of the scope of coverage, and may well contain admissions on Federal's part concerning the scope and meaning of the Federal Customarq Quality Policy.    Those admissions would constitute relevant evidence of course of dealing, course of performance and/or trade usage. As set forth earlier in this memorandum, such evidence is properly considered by courts in interpreting insurance policies. See Sunbeam, 781 A.2d at 1193 (manifestations of the parties' intent are "interpreted as consistent with each other and with any relevant course of performance, course of dealing or usage of trade")(quotation omitted).

For these reasons, courts have not hesitated to compel the production of insurance underwriting information. See Bostik, No. 99-CV-4949 (E.D. Pa. Order of Aug. 7, 2001 [Bostik Document Requests 2, 5, 24]) (Buckwalter, J.) (the referenced Order and corresponding Document Requests are attached hereto at Ex. C) (underwriting documents and manuals); see also, e.g., Hoechst, 623 A.2d at 1107 (underwriting documents, guidelines and interpretive materials discoverable); Stonewall Ins. Co. v. National Gypsum Co., No. 86 Civ. 9671 (SWK),

1988 WL 96159 at **3, 5 (S.D.N.Y. Sept. 6, 1988) (underwriting guidelines discoverable);

Owens Brockway Glass Container Inc. v. Seaboard Sur. Co., No. S-91-1044 DFL, 1992 WL

696961 at *3 (E.D. Cal. May 27, 1992) (underwriting manuals discoverable). This Court should

do the same and order Federal to produce information responsive to Document Requests 1, 2, 5,

6, and 29.

    **4.**    **Hemispherx's Requests For Interpretive Information
Seek Relevant Information.**

By its Document Requests 26 and 27, Hemispherx seeks the following interpretative

information that constitutes relevant, proper discovery:

> *    all documents relating to any term or provision in the Federal Customarq Quality Policy upon which Federal relies or intends to rely to support an affirmative defense set forth in its Answer (Document Request 26); and

> *    all documents relating to the scope, meaning, interpretation, understanding, application or construction of Federal Customarq Quality Policy language which Federal contends limits or bars its duty to defend Hemispherx in the Underlying Lawsuits, or upon which Federal plans to rely to support an affirmative defense asserted in its Answer (Document Request 27).

As set forth earlier in this memorandum, the prevailing law permits this Court to consider

extrinsic evidence of the parties' contractual intent, as well as industry and trade usage of

insurance contract language. The interpretive information sought by Hemispherx may comprise

evidence of Federal's, or the insurance industry's, trade usage with respect to the scope or

meaning of the language in the Federal Customarq Quality Policy.

Such information could well provide evidence of the intent of the policy drafters in

adopting the language at issue. To the extent that industry trade groups, or Federal's

underwriting or claims departments, have interpreted the language in ways that are at odds with

Federal's arguments in this action, the information may support a contractual intent, or policy

construction, consistent with that argued by Hemispherx, or, alternatively, demonstrate the existence of latent ambiguity in the Federal Customarq Quality Policy.

Courts across the country have both recognized that the examination of interpretative information is essential to fully understanding the contractual intent underlying insurance policy language and ordered the production of interpretive information in discovery. See, e.g., New Castle County v. Hartford Accident and Indem. Co., 933 F.2d 1162, 1196-98 & n.62 (3d Cir. 1991) (court should consider circumstances and context surrounding meaning of otherwise clear contract language; drafting history of insurance policy language implied that policyholder's proposed construction of policy language was at least plausible, if not correct); Montrose Chem. Corp. of Cal. v. Admiral Ins. Co., 913 P.2d 878, 891 (Cal. banc 1995) ("Most courts and commentators have recognized, however, that the presence of standardized industry provisions and the availability of interpretive literature are of considerable assistance in determining coverage issues."); Hoechst, 623 A.2d at 1107 (National Union and other insurers ordered to produce interpretive materials in coverage action); Fireguard Sprinkler Sys., Inc. v. Scottsdale Ins. Co., 864 F.2d 648, 651 (9th Cir. 1988) (court considers summary judgment affidavit of insurance broker, with attached drafting history exhibits, as aid in determining meaning of facially unambiguous policy language); Owens-Brockway, 1992 WL 696961 at **2, 3 (explanatory memoranda, reports, and internal history documents discoverable); Nestle Foods Corp. v. Aetna Cas. and Sur. Co., 135 F.R.D. 101, 104-06 (D.N.J. 1990) (drafting history for pertinent policy provisions discoverable in coverage action); Champion Int'l Corp. v. Liberty Mut. Ins. Co., 129 F.R.D. 63, 67-68 (S.D.N.Y. 1950) (interpretive documents discoverable in coverage action). This Court should hold likewise and order Federal to produce all information responsive to Document Requests 26 and 27.

5.    **Hemispherx's Requests For Information Concerning Communications With Defense Counsel Seek Relevant Information.**

By Document Requests 30 and 33 (d) and (e), Hemispherx also seeks information concerning (a) Federal's communications with defense counsel in the Underlying Lawsuits, and Federal's communications with Legalguard, Federal's legal expense auditor, in connection with the Underlying Lawsuits, as well as (b) internal or external communications, memoranda or opinions, by Federal's attorneys or otherwise, concerning Federal's duty to defend the Underlying Lawsuits.

The information sought by Document Requests 30 and 33(d) and (e) is relevant, for several reasons.  First, such information is essential to Hemispherx's understanding of why Federal changed its coverage positions over time with respect to its handling and defense of the First and Second New York Actions.

Second, such information is also essential in order for Hemispherx to effectively prosecute its statutory bad faith claim against Federal.  In order to prove statutory bad faith, Hemispherx must show that Federal had no reasonable basis to deny benefits under the Federal Customarq Quality Policy and that it either knew or recklessly disregarded that fact.  See Bonenberger, 791 A.2d at 380.  In order to better ascertain Federal's bases for making its coverage decisions, as well as what Federal knew about the applicable law at the time it made those decisions, Hemispherx needs access to Federal's communications with its attorneys.

For all of the foregoing reasons, the Court should order Federal to produce all documents responsive to Document Requests 30 and 33 (d) and (e).  See, e.g., Birth Center v. St. Paul Cos., 727 A.2d 1144, 1164 (Pa. Super. 1999), aff'd, 787 A.2d 376 (Pa. 2001) (two letters prepared by

counsel, analyzing law of bad faith, as well as insurer employee's notes based on conversations with counsel, discoverable).

### 6. Hemispherx's Request For Information Concerning Reinsurance Seeks Relevant Information.

By Document Request 33(h), Hemispherx seeks information relating to or constituting communications between Federal and its reinsurers concerning the Underlying Lawsuits. The information Hemispherx sought by Document Request 33 (h) is relevant, proper discovery.

"Reinsurance" is that insurance an insurance company purchases "to cover a specified portion of the insurance company's obligation to indemnify a policyholder in the event of a valid claim." National Union Fire Ins. Co. v. Stauffer Chem. Co., 558 A.2d 1091, 1096 (Del. Super. Ct. 1989). Under most reinsurance contracts, an insurer is required to provide notice to its reinsurer of claims for which it may seek coverage; the insurer may also provide its reinsurer with update reports.

These insurance company communications with reinsurers often contain frank analyses of any pertinent coverage issues and the insurer's expected exposure with respect to a specific claim. See, e.g., Stauffer, 558 A.2d at 1096 n.5 (discovery of reinsurance communications and agreements relevant to issue of "whether the insurers believed that these policies covered the claims"); National Union Fire Ins. Co. of Pittsburgh, Pa. v. Continental Ill. Corp., 116 F.R.D. 78, 83 (N.D. Ill. 1987) ("Insurers may well have discussed their positions on the proposed settlements or . . . in the underlying litigation . . . ."). Such insurer analyses may be inconsistent with the insurer's current litigation position and constitute admissions, support for the

14

policyholder's coverage positions, or evidence of latent ambiguity in the language of the policy at issue. [2]

Accordingly, a number of courts have ordered insurers to produce reinsurance information in discovery. See, e.g., Stauffer, 558 A.2d at 1096-97; Stonewall, 1988 WL 9159 at * 5; Continental Ill. Corp., 116 F.R.D. 78 at 83-84; Clarke v. Interstate Nat. Corp., 486 F. Supp. 145, 146 n.1 (E.D. Pa.), aff'd without opinion, 636 F.2d 1207 (3d Cir. 1980). This Court should do likewise and order the production of reinsurance information from Federal, pursuant to Document Request 33 (h).

## III.   **CONCLUSION**

Hemispherx's Document Requests 1, 2, 4 through 7, 9, 13, 15-23, 26-30 and 33 seek relevant information and are proper. By its silence in the face of these Document Requests, Federal has waived any objections to them and should, accordingly, be ordered to produce all responsive information.

---

[2]    Furthermore, reinsurance agreements are producible under Federal Rule of Civil Procedure 26(b)(2), which permits discovery of "the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered . . . or to indemnify or reimburse for . . . the judgment . . . ." See, e.g., Stonewall, 1988 WL 96159 at *6; Continental Illinois, 116 F.R.D. at 83-84.

Therefore, Hemispherx respectfully requests that this Court grant its motion to compel discovery from Federal, pursuant to Rule 34(a)(2)(B), and order that Federal provide responsive information within ten (10) days of the date of the Court's order.

Respectfully submitted,

Dated: February 14, 2003

Leo M. Epstein (I.D. No. 61762)
Linda J. Karpel (I.D. No. 62009)
Fried & Epstein, LLP
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
(215) 625-0123

Attorneys for Plaintiff, Hemispherx
   Biopharma, Inc

16